IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

vs.                                    Case Nos.:    1:08cr04/MW/GRJ-8
                                                     1:15cv198/MW/GRJ

KINZIE DECARLOS THOMAS

---

## <u>REPORT AND RECOMMENDATION</u>

This matter is before the Court upon Petitioner Kinzie DeCarlos
Thomas ("Petitioner")'s "Motion under 28 U.S.C. § 2255 to Vacate, Set
Aside, or Correct Sentence by a person in Federal Custody" (ECF No.
496); the Government's Response thereto (ECF No. 498); and Petitioner's
Reply. (ECF No. 501.) The case was referred to the undersigned for the
issuance of all preliminary orders and any recommendations to the district
court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28
U.S.C. § 636(b) and FED. R. CIV. P. 72(b). After a review of the record and
the arguments presented, the Court concludes that Petitioner has not
raised any issue requiring an evidentiary hearing and that the § 2255
Motion should be denied. *See* Rules 8(a) and (b) Governing Section 2255
Cases.

# I.  BACKGROUND

On February 26, 2008, a grand jury returned a one-count indictment

charging Petitioner and seven co-defendants with conspiracy to distribute

and to possess with intent to distribute controlled substances, in violation of

21 U.S.C. § 841(a)(1), an offense that involved more than five kilograms of

a mixture and substance containing cocaine and more than fifty grams of a

mixture and substance containing cocaine base, commonly known as

"crack cocaine," in violation of 21 U.S.C. § 841(b)(1)(A)(ii) and (iii) on a

date certain. (ECF No. 2.) Petitioner was subsequently arrested. (ECF No.

13.) He was arraigned on the charge on April 2, 2008. (ECF No. 96.) On

that date, the Court appointed Assistant Federal Defender Thomas Miller to

represent Petitioner. (ECF No. 98.)

On January 22, 2009, the Government filed an Information and

Notice of Intent to seek an enhanced penalty upon conviction under 21

U.S.C. § 851 based on Petitioner's two prior convictions for felony drug

offenses. (ECF No. 245.) The Government gave notice that the

enhancement subjected Petitioner to a minimum mandatory sentence of life

imprisonment. *Id.* at 2. On January 23, 2009, Petitioner pleaded guilty to Count One pursuant to a Plea and Cooperation Agreement. (ECF No. 247.)

Prior to sentencing, the Government filed a motion pursuant to 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1, in which it certified Petitioner's substantial assistance in the prosecution of others and asked the Court to consider Petitioner's cooperation and substantial assistance in determining an appropriate sentence. (ECF No. 302.)

The Final Pre-Sentence Investigation Report ("PSR") reflected that the statutory mandatory minimum term of imprisonment for the offense was life imprisonment pursuant to 21 U.S.C. § 841(b)(1)(A). (ECF No. 533, PSR, at ¶ 81.) Under U.S.S.G. § 2D1.1, the PSR initially calculated Petitioner's base offense level of 34, based on the quantity of drugs involved in Petitioner's offenses. *Id.* at ¶ 34. The base offense level was increased to 37 based on a career offender enhancement under U.S.S.G. § 4B1.1(b). After a three-point reduction for acceptance of responsibility, the total offense level was 34 with a criminal history category of VI. *Id.* at ¶ 82. The applicable guidelines range was 262 to 327 months. *Id.* However, because the statutorily authorized minimum sentence is greater than the

maximum of the applicable guidelines range, the statutorily required minimum sentence of life became the guideline sentence under U.S.S.G. § 5G1.1(b). *Id.*

The Court adopted the PSR without change. (ECF No. 308.) Recognizing Petitioner's substantial assistance to the Government under § 3553(e), the Court sentenced Petitioner to five years' probation and assessed a Special Monetary Assessment of $100. (ECF Nos. 306 & 308.) The Court entered the judgment against Petitioner on April 28, 2009. (ECF No. 307.)

On March 2, 2012, Petitioner was charged with violating a mandatory condition of his probation, and the Court issued a summons requiring Petitioner to appear before the Court to show cause as to why his probation should not be revoked. (ECF No. 382.) He appeared before the Court on March 20, 2012, and the Court appointed Assistant Federal Defender Darren Johnson to represent him. (ECF No. 389.) On February 2, 2013, the Court granted Johnson's Motion to Withdraw as Counsel and appointed attorney Stephen Bernstein to represent Petitioner. (ECF No. 442.) On June 14, 2013, Petitioner appeared at a probation revocation hearing and

admitted to three probation violations.[1]  (ECF No. 481.) The Court revoked Petitioner's probation and sentenced him to 262 months' imprisonment and a ten-year term of supervised release. (ECF No. 460.)

Petitioner filed an appeal to the Eleventh Circuit Court of Appeals, arguing that his sentence was procedurally unreasonable because the district court failed to consider the proper guideline range, failed to justify what Petitioner characterizes as an upward variance, and failed to consider the § 3553(a) sentencing factors. (ECF No. 484.) The Eleventh Circuit issued a written opinion July 7, 2014, finding that the sentence was both procedurally and substantively reasonable. *Id.* Accordingly, the Eleventh Circuit affirmed the verdict and issued a mandate on August 8, 2014. (ECF No. 485.) Petitioner did not file a Petition for Writ of Certiorari with the United States Supreme Court. On September 11, 2015, Petitioner timely filed the instant Motion. (ECF No. 496.)

---

[1] On February 18, 2012, Petitioner was arrested for manufacturing a hallucinogen within 1,000 feet of a specified area. (ECF No. 382.) This violation was later orally amended to reflect a violation for a sale of a hallucinogen. (ECF No. 460.) Petitioner was further charged with selling $60 worth of crack cocaine to an undercover informant on February 5, 2013, and on March 4, 2013, in Dixie County, Florida, in Case No. 2013030896.

Case Nos.: 1:08cr04/MW/GRJ-8; 1:15cv198/MW/GRJ

## II.  ANALYSIS

### A. General Legal Standard

Collateral review is not a substitute for direct appeal, and therefore the grounds for collateral attack on final judgments pursuant to Section 2255 are extremely limited. A prisoner is entitled to relief under Section 2255 if the court imposed a sentence that: (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a); *McKay v. United States*, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted). The "fundamental miscarriage of justice" exception recognized in *Murray v. Carrier*, 477 U.S. 478, 496 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent . . . ."

Case Nos.: 1:08cr04/MW/GRJ-8; 1:15cv198/MW/GRJ

The law is well established that a district court need not reconsider issues raised in a Section 2255 motion which have been resolved on direct appeal. *Stoufflet v. United States*, 757 F.3d 1236, 1239 (11th Cir. 2014); *Rozier v. United States*, 701 F.3d 681, 684 (11th Cir. 2012); *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000); *Mills v. United States*, 36 F.3d 1052, 1056 (11th Cir. 1994). Once a matter has been decided adversely to a defendant on direct appeal, it cannot be re-litigated in a collateral attack under Section 2255. *Nyhuis*, 211 F.3d at 1343 (quotation omitted). Broad discretion is afforded to a court's determination of whether a particular claim has been previously raised. *Sanders v. United States*, 373 U.S. 1, 16 (1963) ("identical grounds may often be proved by different factual allegations . . . or supported by different legal arguments . . . or couched in different language . . . or vary in immaterial respects").

Because a motion to vacate under Section 2255 is not a substitute for direct appeal, issues which could have been raised on direct appeal are generally not actionable in a Section 2255 motion and will be considered procedurally barred. *Lynn*, 365 F.3d at 1234–35; *Bousley v. United States*, 523 U.S. 614, 621 (1998); *McKay v. United States*, 657 F.3d 1190, 1195

(11th Cir. 2011). An issue is "'available' on direct appeal when its merits can be reviewed without further factual development." *Lynn*, 365 F.3d at 1232 n.14 (quoting *Mills*, 36 F.3d at 1055). Absent a showing that the ground of error was unavailable on direct appeal, a court may not consider the ground in a Section 2255 motion unless the defendant establishes (1) cause for not raising the ground on direct appeal, and (2) actual prejudice resulting from the alleged error, that is, alternatively, that he is "actually innocent." *Lynn*, 365 F.3d at 1234; *Bousley*, 523 U.S. at 622 (citations omitted). To show cause for procedural default, a defendant must show that "some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [defendant's] own conduct." *Lynn*, 365 F.3d at 1235. A meritorious claim of ineffective assistance of counsel can constitute cause. *See Nyhuis*, 211 F.3d at 1344.

Ineffective assistance of counsel claims are generally not cognizable on direct appeal and are properly raised by a § 2255 motion regardless of whether they could have been brought on direct appeal. *Massaro v. United States*, 538 U.S. 500, 503 (2003); *see also United States v. Franklin*, 694

F.3d 1, 8 (11th Cir. 2012); *United States v. Campo*, 840 F.3d 1249, 1257

n.5 (11th Cir. 2016). In order to prevail on a constitutional claim of

ineffective assistance of counsel, a defendant must demonstrate both that

counsel's performance was below an objective and reasonable

professional norm and that he was prejudiced by this inadequacy.

*Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Williams v. Taylor*, 529

U.S. 362, 390 (2000); *Darden v. United States*, 708 F.3d 1225, 1228 (11th

Cir. 2013). In applying *Strickland*, a court may dispose of an ineffective

assistance claim if a defendant fails to carry his burden on either of the two

prongs. *Strickland*, 466 U.S. at 697; *Brown v. United States*, 720 F.3d

1316, 1326 (11th Cir. 2013); *Holladay v. Haley*, 209 F.3d 1243, 1248 (11th

Cir. 2000) ("[T]he court need not address the performance prong if the

defendant cannot meet the prejudice prong, or vice versa.").

In determining whether counsel's conduct was deficient, this court

must, with much deference, consider "whether counsel's assistance was

reasonable considering all the circumstances." *Strickland*, 466 U.S. at 688;

*see also Dingle v. Sec'y for Dep't of Corr.*, 480 F.3d 1092, 1099 (11th Cir.

2007). Reviewing courts are to examine counsel's performance in a highly

deferential manner and "must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance." *Hammond v. Hall*, 586 F.3d 1289, 1324 (11th Cir. 2009) (quoting *Strickland*, 466 U.S. at 689); *see also Chandler v. United States*, 218 F.3d 1305, 1315–16 (11th Cir. 2000) (discussing presumption of reasonableness of counsel's conduct); *Lancaster v. Newsome*, 880 F.2d 362, 375 (11th Cir. 1989) (emphasizing that petitioner was "not entitled to error-free representation"). Counsel's performance must be evaluated with a high degree of deference and without the distorting effects of hindsight. *Strickland*, 466 U.S. at 689. To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take." *Gordon v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008) (citations omitted); *Chandler*, 218 F.3d at 1315. "[T]he fact that a particular defense ultimately proved to be unsuccessful [does not] demonstrate ineffectiveness." *Chandler*, 218 F.3d at 1314. When reviewing the performance of an experienced trial counsel, the presumption that counsel's conduct was reasonable is even stronger, because "[e]xperience is due some respect." *Chandler*, 218 F.3d

at 1316 n.18.

With regard to the prejudice requirement, a defendant must establish that, but for counsel's deficient performance, the outcome of the proceeding would have been different. *Strickland*, 466 U.S. at 694. "The likelihood of a different result must be substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 112 (2011) (quoting *Strickland*, 466 U.S. at 693). For a court to focus merely on "outcome determination," however, is insufficient; "[t]o set aside a conviction or sentence solely because the outcome would have been different but for counsel's error may grant the defendant a windfall to which the law does not entitle him." *Lockhart v. Fretwell*, 506 U.S. 364, 369–70 (1993); *Allen v. Sec'y, Fla. Dep't of Corr.*, 611 F.3d 740, 754 (11th Cir. 2010). A defendant therefore must establish "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Lockhart*, 506 U.S. at 369 (quoting *Strickland*, 466 U.S. at 687).

To establish ineffective assistance, Defendant must provide factual support for his contentions regarding counsel's performance. *Smith v. White*, 815 F.2d 1401, 1406–07 (11th Cir. 1987). Bare, conclusory

allegations of ineffective assistance are insufficient to satisfy the *Strickland* test. *See Boyd v. Comm'r, Ala. Dep't of Corr.*, 697 F.3d 1320, 1333–34 (11th Cir. 2012); *Garcia v. United States*, 456 F. App'x 804, 807 (11th Cir. 2012) (*citing Yeck v. Goodwin*, 985 F.2d 538, 542 (11th Cir. 1993)); *Wilson v. United States*, 962 F.2d 996, 998 (11th Cir. 1992); *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991); *Stano v. Dugger*, 901 F.2d 898, 899 (11th Cir. 1990) (*citing Blackledge v. Allison*, 431 U.S. 63, 74 (1977)).

Finally, the Eleventh Circuit has recognized that given the principles and presumptions set forth above, "the cases in which habeas petitioners can properly prevail . . . are few and far between." *Chandler*, 218 F.3d at 1313. This is because the test is not what the best lawyers would have done or even what most good lawyers would have done, but rather whether some reasonable lawyer could have acted in the circumstances as defense counsel acted. *Dingle*, 480 F.3d at 1099; *Williamson v. Moore*, 221 F.3d 1177, 1180 (11th Cir. 2000). "Even if counsel's decision appears to have been unwise in retrospect, the decision will be held to have been ineffective assistance only if it was 'so patently unreasonable that no competent attorney would have chosen it.'" *Dingle*, 480 F.3d at 1099 (quoting *Adams*

*v. Wainwright*, 709 F.2d 1443, 1445 (11th Cir. 1983)). The Sixth Circuit has framed the question as not whether counsel was inadequate, but rather whether counsel's performance was so manifestly ineffective that "defeat was snatched from the hands of probable victory." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992). Regardless of how the standard is framed, under the prevailing case law it is abundantly clear that a moving defendant has a high hurdle to overcome to establish a violation of his constitutional rights based on his attorney's performance. A defendant's belief that a certain course of action that counsel failed to take might have helped his case does not direct a finding that counsel was *constitutionally ineffective* under the standards set forth above.

An evidentiary hearing is unnecessary when "the motion and files and records conclusively show that the prisoner is entitled to no relief." *See* 28 U.S.C. § 2255(b); *Rosin*, 786 F.3d at 877; *Gordon v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008). Not every claim of ineffective assistance of counsel warrants an evidentiary hearing. *Gordon*, 518 F.3d at 1301 (citing *Vick v. United States*, 730 F.2d 707, 708 (11th Cir. 1984)). To be entitled to a hearing, a defendant must allege facts that, if true, would prove

he is entitled to relief. *See Hernandez v. United States*, 778 F.3d 1230, 1234 (11th Cir. 2015). A hearing is not required on frivolous claims, conclusory allegations unsupported by specifics, or contentions that are wholly unsupported by the record. *See Winthrop–Redin v. United States*, 767 F.3d 1210, 1216 (11th Cir. 2014) (explaining that "a district court need not hold a hearing if the allegations [in a § 2255 motion] are . . . based upon unsupported generalizations") (internal quotation marks omitted); *Peoples v. Campbell*, 377 F.3d 1208, 1237 (11th Cir. 2004). Even affidavits that amount to nothing more than conclusory allegations do not warrant a hearing. *Lynn*, 365 F.3d at 1239. Finally, disputes involving purely legal issues can be resolved by the court without a hearing.

### B. Petitioner's Ground One

In his first ground for relief, Petitioner asserts his counsel, "first D[arren] Johnson, then Stephen Bernstein, and his appellate counsel, Brett Meltzer, rendered ineffective assistance during the revocation proceedings and during the appeal of his 262-month sentence." (ECF No. 496 at 3.) Petitioner alleges counsel advised him that the maximum sentence he could receive if he pleaded guilty to a probation violation was 51 to 63

months, when in fact Petitioner faced a life sentence. *Id.* Petitioner

ultimately received a sentence of 262 months. *Id.*

Insofar as Petitioner complains Mr. Johnson provided constitutionally

deficient representation during the revocation proceeding, Petitioner's claim

is nothing more than a conclusory allegation of harm. The record reveals

that, on February 2, 2013, more than four months prior to the revocation

hearing, Mr. Bernstein substituted for Mr. Johnson as Petitioner's counsel.

(ECF No. 442.) Petitioner fails to allege or establish what actions

attributable to Mr. Johnson amounted to deficient performance with respect

to the revocation of Petitioner's probation. Accordingly, Petitioner's claim

against Mr. Johnson is meritless.

As to Petitioner's claim against Mr. Bernstein, who represented

Petitioner at the revocation hearing, Petitioner's allegation that Mr.

Bernstein misadvised him as to his sentencing exposure is expressly

controverted by the record. A review of the transcript reveals the following

colloquy took place at Petitioner's revocation hearing:

> Mr. Bernstein: [Petitioner] . . . indicated that he wanted to admit
> those violations, and then when we started to qualify that
> admission, he kind of went back and forth and the Court
> suggested that we take more time, which I requested. I have

Case Nos.: 1:08cr04/MW/GRJ-8; 1:15cv198/MW/GRJ

had that opportunity to review with him the videotape evidence that the government has given me in discovery. I reviewed with him the reports, his prior presentence report, and had discussions with him at the Dixie County Jail, and then here in the courthouse today.

He has indicated to me that it is still his intention to admit to the violation. I have counseled with him and told him that he faces up to life imprisonment, given the nature of the plea that was entered in the previous case, looking at the presentence report, and the seriousness of this. However, after looking at the videotape evidence and the reports and having these discussions, he has indicated to me that it is still his intent to admit to the violations.

The Court: Is that true, sir? You wish to admit to these two violations –

The Defendant: Yes, sir.

The Court: -- knowing that if you admit them, you face – I'm trying to find the – up to life imprisonment? Do you understand that, sir?

The Defendant: Yes, sir.

(ECF No. 481.) The colloquy establishes Petitioner had a clear understanding of his exposure to a sentence of life imprisonment. The colloquy shows that, prior to the revocation hearing, Mr. Bernstein reviewed with Petitioner the PSR, which states that Petitioner's statutory mandatory minimum term of imprisonment for the offense was life imprisonment. It further reveals Petitioner declared in open court that he understood that an

Case Nos.: 1:08cr04/MW/GRJ-8; 1:15cv198/MW/GRJ

admission to the probation violation would expose him to a sentence of up to life imprisonment.

"[T]he representations of the defendant, his lawyer, and the prosecutor at [a plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." *Blackledge*, 431 U.S. at 73-74. Solemn declarations in open court carry a strong presumption of verity. *Id.* at 74. Here, Petitioner's solemn declarations in open court contradict his unsupported, self-serving allegation that Mr. Bernstein misadvised him as to his sentencing exposure. Thus, Petitioner fails to establish Mr. Bernstein provided deficient performance.

Insofar as Petitioner alleges Mr. Meltzer rendered ineffective assistance during the revocation proceedings, Petitioner's claim again has no merit. Mr. Meltzer represented Petitioner during his appeal, not during his revocation proceedings. Further, Petitioner fails to allege any specific grounds for ineffective assistance of counsel on appeal. He merely states that counsel "rendered ineffective assistance . . . during the appeal of his 262-month sentence." Petitioner's vague, conclusory allegation of

ineffective assistance of appellate counsel is insufficient to establish Mr. Meltzer's representation was deficient.

As to prejudice, Petitioner alleges "there is a reasonable probability that had [Petitioner] been advised that he faced a maximum sentencing exposure of life, he would not have pleaded guilty to the probation violation charge, and would have instead, pleaded not guilty to the probation violation." (Doc. 496 at 4.) However, Petitioner must show that the alleged deficient performance prejudiced the outcome of the case. *Duhart v. United States*, 556 F. App'x 897, 898 (11th Cir. 2014) (citing *Strickland*, 466 U.S. at 687).

Petitioner cannot demonstrate prejudice. For starters, as discussed above, the Petitioner expressly was advised by his attorney and by the Court that he faced a life sentence. ECF No. 481. Moreover, the record reveals Petitioner might have fared worse had he not admitted guilt and instead forced the Government to prove the violations at the revocation hearing. The revocation transcript discloses the Government was prepared to prove the probation violations with video evidence of Petitioner selling crack cocaine to an undercover agent. (ECF No. 481 at 2, 10.) The

Government was only required to prove the violations at the revocation hearing by a preponderance of the evidence. *United States v. Andre*, 491 F. App'x 109, 110 (11th Cir. 2012) (citing 18 U.S.C. § 3583(e)(3); *United States v. Cunningham*, 607 F.3d 1264, 1268 (11th Cir. 2010)). Thus, by not admitting guilt, Petitioner would have forfeited any goodwill in the eyes of the sentencing judge for accepting responsibility.

Petitioner asserts that the state eventually dismissed the three state charges against him following the revocation of his federal probation. Dismissal of the charges does not establish Petitioner's innocence. Accordingly, Petitioner has failed to establish that his decision to plead guilty instead of proceeding through the revocation process caused him prejudice. As such, Petitioner has failed to make the requisite showing under *Strickland* as to Ground One.

### C. Petitioner's Ground Two

Petitioner next alleges both his counsel at his original 2009 sentencing (Mr. Murrell) and his counsel at his revocation hearing (Mr. Bernstein) rendered ineffective assistance for failing to properly challenge Petitioner's career offender enhancement. (Doc. 496 at 4.) Petitioner

asserts that the Court at his original sentencing never "specifically adopted the PSR, never specifically adopted a guideline range of 262 to 327 months, and never specifically designated [Petitioner] a career criminal." *Id.* at 5. According to Petitioner, "if the Court intends to accept a career criminal recommendation, there must be a clearly articulated expression by the Court. If the Court is silent as to a career criminal designation this enhancement must be considered rejected." *Id.*

Petitioner further alleges Mr. Bernstein rendered ineffective assistance for failing to investigate "the facts" surrounding Petitioner's original sentencing in 2009. *Id.* at 6. Petitioner alleges the Court at his revocation hearing again failed to "articulate" on the record that it was designating Petitioner a career offender. *Id.* at 5. Petitioner reasons that, had Mr. Bernstein read the transcript from the 2009 sentencing hearing, he would have discovered that Petitioner was never "designated" a career offender by the Court in 2009, and, further, that the Court had never accepted a guidelines range of 262 to 327 months. *Id.* at 6.

According to Petitioner, had Mr. Bernstein conducted such an investigation, he could have argued that the highest guidelines range

applicable to Petitioner was 121 to 151 months, which, Petitioner asserts, is the guidelines range reported in the PSR that would apply without the career offender designation. *Id.* at 5.

Petitioner asserts he was prejudiced by counsel's performance because, had Mr. Bernstein advised the Court that the 262 to 327 range was never accepted by the Court at the 2009 hearing, there is a reasonable probability that the Court would have imposed a lesser sentence at the probation revocation. *Id.* at 6.

Petitioner does not appear to challenge the U.S.S.G. § 4B1.1 career offender enhancement itself, nor the computation of the guidelines range. Rather, Petitioner argues the Court was required to specifically "adopt" the career offender designation and the guidelines range on the record, and counsel was ineffective for not objecting when the Court failed to do so. Petitioner cites no legal authority for the proposition that a Court must specifically "adopt" the career offender designation in a PSR on the record. Nor does Petitioner cite any authority holding that a Court's failure to clearly express its intent to designate a defendant as a career offender on the record renders the enhancement rejected. Petitioner alludes to Rule

32(i)(3)(A) of the Federal Rules of Criminal Procedure. That Rule provides

that the Court, at sentencing, "may accept any undisputed portion of the

presentence report as a finding of fact." This subsection does not require a

court to "designate" a defendant a career offender at sentencing.

The Court nonetheless adopted the career offender designation,

when the Court adopted the PSR after the Petitioner did not object. The

PSR in this case provided the offense level computations for calculating

Petitioner's guidelines sentence, including the § 4B1.1 enhancement. At his

2009 sentencing hearing, Petitioner confirmed on the record he had read

the PSR, discussed it with his attorney, and there were no objections. (ECF

No. 495 at 2-3.) The Court adopted the PSR without change. (ECF No. 308

at 1.)

At the revocation hearing, Petitioner again confirmed he had

discussed the PSR with his attorney, and there were no objections. (ECF

No. 481 at 2.) The Court noted that Petitioner's original sentencing

guidelines range was 262 to 327 months. *Id.* at 12. The Court sentenced

Petitioner to the low end of the guidelines range, 262 months. *Id.* at 12-13.

On appeal, the Eleventh Circuit found the sentence procedurally and

substantively reasonable. Thus, the record reflects the PSR was accurate, all parties were aware of the potential sentence, and Petitioner's sentence was reasonable.

Petitioner fails to establish the Court committed a sentencing error that Petitioner's counsel should have challenged. Thus, Petitioner cannot establish that either Mr. Murrell or Mr. Bernstein was deficient for failing to object for that reason.

Further, Petitioner fails to establish he was prejudiced by either attorney's performance. Petitioner's designation as a career offender was accurate and the Court's purported failure to designate Petitioner a career offender on the record did not void the designation. Thus, Petitioner cannot establish that Mr. Bernstein would have successfully argued at Petitioner's re-sentencing that the highest guidelines range applicable to Petitioner was 121 to 151 months. Accordingly, because Petitioner has failed to establish deficient performance and prejudice, Petitioner fails to meet the standard under *Strickland* as to Ground Two.

### D. Petitioner's Ground Three

In his next Ground for relief, Petitioner alleges his appellate counsel,

Mr. Meltzer, rendered ineffective assistance for failing to challenge on appeal the fact that the sentencing judge never officially "designated" Petitioner a career criminal on the record.

Due process of law requires that a defendant receive effective assistance of appellate counsel on his direct appeal. *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). To prevail on a claim for ineffective assistance of appellate counsel, a defendant must show that (1) appellate counsel's performance was deficient, and (2) but for counsel's deficient performance he would have prevailed on appeal. *Shere v. Sec'y Fla. Dep't of Corr.*, 537 F.3d 1304, 1310 (11th Cir. 2008); *see Philmore v. McNeil*, 575 F.3d 1251, 1264 (11th Cir. 2009) (holding that claims for ineffective assistance of appellate counsel are governed by the same standards applied to trial counsel under *Strickland*). "[T]he Sixth Amendment does not require appellate advocates to raise every non-frivolous issue." *See Heath v. Jones*, 941 F.2d 1126, 1130-31 (11th Cir. 1991). To determine whether defense counsel rendered ineffective assistance by failing to raise certain issues on appeal, the court may consider the merits of the issues the defendant alleges counsel was derelict in not raising on appeal. *Miller v.*

*Dugger*, 858 F.2d 1536, 1538 (11th Cir. 1988); *Reutter v. Sec'y for Dept. of Corrections*, 232 F. App'x 914, 917 (11th Cir. 2007) (determining that counsel's decision not to raise a particular argument on appeal, in light of his having raised several important claims, was likely a strategic decision to "winnow out weaker arguments"). Of course, appellate counsel is not ineffective for failing to raise claims that are reasonably considered to be without merit. *Brown*, 720 F.3d at 1335; *Shere*, 537 F.3d at 1311; *Nyhuis*, 211 F.3d at 1344 (citing *Alvord v. Wainwright*, 725 F.2d 1282, 1291 (11th Cir. 1984)).

Thus, because the sentencing Court did not commit error with regard to sentencing Petitioner, Mr. Metzler cannot be found to have been constitutionally ineffective for declining to challenge the sentencing Court's conduct on appeal. Accordingly, Petitioner fails to demonstrate deficient performance or prejudice under *Strickland*. Therefore, his claim under Ground Three is without merit.

### *E. Petitioner's Ground Four*

In his next ground for relief, Petitioner alleges his counsel at sentencing, Mr. Murrell, was constitutionally ineffective for failing to ensure

that the sentencing Court addressed Petitioner's objection to the drug

quantity computation in the PSR.

The PSR attributed 948.85 grams of cocaine base to Petitioner. (ECF

No. 533, PSR, at ¶¶ 17, 34.) Based on that quantity, pursuant to the Drug

Quantity Table at U.S.S.G. § 2D1.1(c), the PSR calculated a base level

offense of 34. *Id.* at ¶ 34. Prior to his original sentencing hearing in 2009,

Petitioner, through counsel, filed the following objection to the quantity of

cocaine used to calculate his base-offense:

> 101. The defendant, through counsel, submits that the cocaine he
> purchased from co-defendant Andre Thompson occurred long
> before he had any involvement with co-defendant Clarence
> Marshall, and should therefore not be included in the total amount
> of drugs from which he is being held accountable. As to the quantity
> of drugs obtained from Marshall, the defendant submits that the
> total was closer to between 18 and 24 ounces or 510.3 grams. The
> defendant does not dispute the 198.45 grams of cocaine in the
> previous presentence investigation report which was obtained from
> co-defendant Jaquana McPhee. Therefore, it is the defendant's
> position that he should be held accountable for a total of 708.75
> grams of cocaine instead of the 948.45 grams reported in the
> presentence investigation report.

The United States Probation Office responded as follows:

> 102. <u>Response</u>: It is the position of the probation office that the
> information contained in Paragraph 17 has been correctly reported.
> This information was obtained from the DEA. As such, the
> probation office, will rely upon the government to substantiate this

information. This issue remains unresolved.

*Id.* at ¶¶ 101, 102. Petitioner argues that, pursuant to FED. R. CRIM. P. 32(i)(3)(B) and U.S.S.G. § 6A1.3(a), the sentencing Court was required to make a finding as to Petitioner's objection to the drug quantity. Petitioner further argues that, because the drug quantity calculation would have affected his sentence, counsel should have ensured that the Court addressed the objection prior to the imposition of Petitioner's sentence.

Petitioner also asserts he was prejudiced by counsel's allegedly deficient performance. According to Petitioner, "the PSR determined [Petitioner]'s guideline range without the career criminal enhancement to be 121 to 151, based upon an Offense Level of 31 and a [Criminal History Category] of II. However, if [Petitioner]'s objection is upheld, that is if he is held accountable for 708.75 grams of cocaine, his guideline range is 41 to 51 months, based upon an Offense Level of 24 and [Criminal History Category] of II." (Doc. 496 at 9-10.) Petitioner alleges that, had counsel ensured that the Court addressed the objection, there is a reasonable probability that Petitioner would have received a lesser sentence at the revocation hearing.

Case Nos.: 1:08cr04/MW/GRJ-8; 1:15cv198/MW/GRJ

In response, the Government first asserts Petitioner's claims are procedurally waived because he failed to raise this issue on direct appeal, either following his original sentencing or following his sentencing for violation of supervised release. The Government further asserts Petitioner fails to establish ineffective assistance of counsel because the objection Petitioner alleges the sentencing Court failed to address did not affect the base offense level used to calculate Petitioner's guideline sentence.

Although under the procedural default rule, a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding, the Supreme Court in *Massaro*, excepted ineffective-assistance-of-counsel claims from the general procedural default rule. 538 U.S. at 508-09 (noting that it is preferable to raise ineffective-assistance-of-counsel claims in a § 2255 motion as opposed to a direct appeal and that the failure to raise such a claim "on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255"). Accordingly, even under the circumstances of this case, the Court considers Petitioner's claims properly raised in the

Case Nos.: 1:08cr04/MW/GRJ-8; 1:15cv198/MW/GRJ

instant § 2255.

Petitioner's claim, however, fails on the merits. A defendant is entitled to the effective assistance of counsel during sentencing. *Jones v. United States*, 224 F.3d 1251, 1259 (11th Cir. 2000). Here, Petitioner alleges his counsel was ineffective for failing to ensure that the sentencing Court addressed his objection to the drug quantity. Petitioner alleges FED. R. CRIM. P. 32(i)(3)(B) and § 6A1.3(a) required the Court to make a finding as to his objections.

FED. R. CRIM. P. 32(i)(3)(B) provides that, at sentencing, the Court "must—for any disputed portion of the presentence report or other controverted matter—rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing." Section 6A1.3 provides as follows:

> (a) When any factor important to the sentencing determination is reasonably in dispute, the parties shall be given an adequate opportunity to present information to the court regarding that factor. In resolving any dispute concerning a factor important to the sentencing determination, the court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its

probable accuracy.

(b) The court shall resolve disputed sentencing factors at a
sentencing hearing in accordance with Rule 32(i), Fed. R.
Crim. P.

U.S.S.G. § 6A1.3(a)-(b). The sentencing transcript reveals Petitioner and

his counsel communicated to the Court at the sentencing hearing that there

were no disputed portions of the PSR remaining:

> The Court: Mr. Thomas, have you had the opportunity to read and
> have you in fact read the written presentence report that was
> prepared in your case?
>
> The Defendant: Yes, sir.
>
> The Court: Have you, sir, discussed the content of that report with
> your lawyer?
>
> The Defendant: Yes, sir.
>
> The Court: Mr. Murrell, after yourself reviewing the report and
> discussing its content with your client, are there now any factual
> matters contained therein as to which you take exception?
>
> Mr. Murrell: No, Sir. We had written Mr. Thomson about some
> points but I think they have been satisfactorily resolved.

(Doc. 495 at 2-3). Accordingly, the Court determined the PSR to be

"complete, true, and accurate" at sentencing. *Id.* at 9. Neither

Petitioner nor Mr. Murrell objected.

Furthermore, pressing the sentencing Court to address the issue of the drug quantity computation would have been futile because the objection did not affect Petitioner's sentence. In the objection Petitioner asserts he should be held accountable for a total of 708.75 grams of cocaine base instead of the 948.45 grams of cocaine base reported in the PSR. Under the Drug Quantity Table at § 2D1.1, 708.75 grams of cocaine base would have put Petitioner at a base level offense of 34, the same level as 948.45 grams. U.S.S.G. § 2D1.1 (2009). Thus, a favorable ruling on the objection would not have affected Petitioner's sentence.

Petitioner argues the objection actually means Petitioner should be held accountable for 708.75 grams of cocaine, rather than cocaine base. According to the Drug Quantity Table at § 2D1.1, 708.75 grams of cocaine has a base level offense of 26 and would have affected Petitioner's sentence. *Id.*

However, it is evident from the record the objection in ¶ 101 refers to cocaine base, not cocaine. In the objection Petitioner asserts he "should be held accountable for a total of 708.75 grams of cocaine

instead of the 948.45 grams reported in the presentence investigation report." (ECF No. 533, PSR, at ¶ 101. The PSR reported Petitioner was accountable for 948.45 grams of cocaine *base. Id.* at ¶¶ 17, 34 (emphasis supplied). Thus, reading the objection in the context of the PSR, the objection only makes sense as referring to 708.75 grams of cocaine *base*, not cocaine.

Moreover, Mr. Murrell, who filed the original objection, noted in the Sentencing Memorandum that the objection did not affect the guidelines calculation. (ECF No. 301 at n.1.)[2]  Because the objection did not affect Petitioner's sentence, counsel was not deficient for failing to ensure the Court addressed it at sentencing.

For the reasons listed above, Petitioner has also failed to demonstrate prejudice. As mentioned previously, even a favorable ruling on the objection would not have affected Petitioner's sentence. Accordingly, Petitioner fails to establish he was prejudiced by

---

[2] "The adjusted offense level of 34 is based on a quantity of 948.85 grams. (PSR ¶ 34). It is based largely on Mr. Thomas's own estimate. He, however, now questions the amount and believes it may have been a quantity in the vicinity of 700 grams. (PSR ¶ 101). As the quantity assigned to offense level 34 ranges from 500 grams to 1.5 kilograms of crack cocaine, the difference in the estimates does not affect the calculations."

Case Nos.: 1:08cr04/MW/GRJ-8; 1:15cv198/MW/GRJ

counsel's failure to ensure the Court addressed the objection. Because

Petitioner has failed to establish either prong under *Strickland*, his

ineffective assistance claim in Ground Four is without merit.

### F. Petitioner's Ground Five

In his final ground for relief, Petitioner alleges Mr. Murrell rendered

ineffective assistance for failing to advise Petitioner before pleading guilty

that his prior felony drug convictions could subject him to a U.S.S.G.

§ 4B1.1 enhancement. While Petitioner admits counsel advised him that his

prior drug convictions exposed him to a statutory mandatory minimum

sentence of life imprisonment, Petitioner alleges he was not advised that

his prior convictions qualified him for a § 4B1.1 enhancement, and, based

on the enhancement, a sentencing range of 262 to 237 months under the

guidelines.

Further, Petitioner alleges counsel never advised him prior to entering

the guilty plea that if he were to receive a term of probation and later violate

it, he would be sentenced pursuant to the sentencing guidelines range

calculated for his underlying conviction. Petitioner alleges he was

prejudiced by counsel's deficient performance in that after he admitted to

violating his probation, he received a sentence pursuant to the sentencing

range of 262 to 237 months, which was the range calculated for his

underlying conviction.

In response, the Government first asserts Petitioner's claims are

procedurally waived because he failed to raise this issue on direct appeal,

either following his original sentencing or following his sentencing for

violation of probation. The Government further asserts Petitioner fails to

establish ineffective assistance of counsel because Petitioner knew he

faced a maximum potential sentence of life imprisonment, and counsel had

no legal duty to inform Petitioner of what might happen if he were to violate

a sentence of probation. Finally, the Government asserts Petitioner cannot

show prejudice for any alleged misunderstanding of what guidelines

provisions might apply when he received a sentence of less than life

imprisonment.

For the reasons discussed in the previous section, Petitioner's claim

is not waived and is properly before the Court in the instant § 2255. As to

the merits of Petitioner's claim, the Government is correct insofar as it

asserts that Petitioner fails to demonstrate ineffective assistance of

counsel.

The two-prong *Strickland* test applies to challenges of guilty pleas based on ineffective assistance of counsel. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). In this context, the first prong of *Strickland* requires the defendant to show his plea was not voluntary because he received advice from counsel that was not within the range of competence demanded of attorneys in criminal cases. *See id.* at 56-59. A court's review of an attorney's performance is highly deferential, and it must employ a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. The movant must demonstrate that counsel's performance was objectively unreasonable. *Id.* at 688. To prove prejudice in the context of a guilty plea, a defendant must show a reasonable probability that, but for his attorney's errors, he would not have pleaded guilty and would have insisted on going to trial. *Hill*, 474 U.S. at 59.

Petitioner fails to establish that counsel's performance fell outside of the range of competence demanded of attorneys in criminal cases. Petitioner alleges counsel was deficient for failing to advise him prior to

entering the guilty plea that he was subject to a § 4B1.1 enhancement under the sentencing guidelines. Petitioner's argument ignores the fact that his statutory mandatory minimum life sentence became the guidelines sentence pursuant to § 5G1.1(b). Thus, the statutory mandatory minimum life sentence rendered the § 4B1.1 enhancement, for all intents and purposes, irrelevant. Petitioner admits in the instant Motion that counsel informed him he faced a minimum mandatory life sentence. *See* ECF No. 496 at 11 ("Movant was advised that his mandatory minimum sentence, based upon his prior drug convictions, was life."). Accordingly, because counsel correctly advised Petitioner of his maximum guidelines exposure, counsel's performance was not deficient under *Strickland*.

Petitioner further alleges counsel was deficient for failing to inform him prior to pleading guilty that, if Petitioner were to receive a sentence of probation and later violate it, Petitioner would be subject to a sentence within the guidelines range calculated for the underlying offense. Even taking into account Petitioner's cooperation with the Government in this case, it was highly unusual for Petitioner to receive a sentence of probation. Thus, it was extremely unlikely that counsel could have

predicted, prior to Petitioner entering the guilty plea, that Petitioner would receive a sentence of probation. As such, counsel had no duty to advise Petitioner of the consequences of violating a probation sentence at that point in the proceeding. Accordingly, counsel's conduct cannot be characterized as deficient performance.

Moreover, Petitioner fails to make a showing of prejudice. Petitioner alleges he suffered prejudice in that after he admitted to violating his probation, he received a sentence within the guidelines range of 262 to 237 months, which is the range calculated in the PSR after applying the § 4B1.1 enhancement. However, in order to demonstrate prejudice, Petitioner is required to show a reasonable probability that, but for his attorney's alleged errors (the failure to inform Petitioner of his potential exposure to a § 4B1.1 enhancement and the potential consequence of violating a probation sentence), Petitioner would not have pleaded guilty and would have insisted on going to trial.

Petitioner entered a guilty plea with the knowledge that he faced a statutory mandatory minimum term of life imprisonment. Ultimately, the § 4B1.1 enhancement had no effect on Petitioner's guidelines sentence,

since the statutory mandatory minimum term of life imprisonment became the guidelines sentence. Thus, Petitioner cannot demonstrate he would not have pleaded guilty and would have insisted on going to trial had he known about the § 4B1.1 enhancement.

Further, Petitioner cannot demonstrate he would not have pleaded guilty and would have insisted on going to trial had he known about the consequences of violating a potential sentence of probation. Petitioner, along with the Government, filed a Statement of Facts in which both parties agreed that, if the case were to go to trial, the Government would produce competent, substantial evidence to prove beyond a reasonable doubt that Petitioner is guilty of the offenses charged in the indictment. (ECF No. 247-2.) Petitioner entered into a plea agreement in which he offered his assistance in exchange for the Government's promise to file a substantial assistance motion. (ECF No. 247.) Given that Petitioner faced a mandatory minimum life sentence, it is inconceivable that he would have foregone the guilty plea and the prospect of a substantial assistance motion had he been advised by counsel of the consequences of violating a hypothetical probation sentence. Accordingly, Petitioner fails to make a colorable

showing of prejudice. For these reasons, Petitioner fails to demonstrate ineffective assistance under *Strickland* as to Ground Five.

### Evidentiary Hearing

To warrant an evidentiary hearing, a defendant must allege facts that, if true, would prove he is entitled to relief. Petitioner has failed to do so here. Accordingly, his request for an evidentiary hearing is denied.

## III.   CONCLUSION

For all of the foregoing reasons, the Court concludes that Petitioner has not shown that he is entitled to Section 2255 relief. Nor has he shown that an evidentiary hearing is warranted. Therefore, Petitioner's Motion should be denied.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be

filed, even if the court issues a certificate of appealability. Rule 11(b), § 2255 Rules.

After review of the record, the Court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the Court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED** that:

1.    The "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a person in Federal Custody" (ECF No. 496) should be **DENIED**.

2.    A certificate of appealability should be **DENIED**.

**IN CHAMBERS** at Gainesville, Florida, this 6th day of October, 2017.


*/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge



## NOTICE TO THE PARTIES

       **Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.   *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.



Case Nos.: 1:08cr04/MW/GRJ-8; 1:15cv198/MW/GRJ